IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.  No. 02-10032-JTM
    No. 09-1189-JTM

MIGUEL MEDRANO-DUARTE,
Defendant-Appellant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Miguel Medrano-Duarte's 28 U.S.C. § 2255 motion. The court denies the motion, as it seeks to assert rights Medrano-Duarte explicitly waived in his plea agreement, and the motion was not filed timely.

On March 12, 2002, the defendant was indicted on three charges: (1) possession with the intent to distribute cocaine; (2) interstate transportation in aid of racketeering; and 3) illegal entry into the United States after being deported due to a felony conviction. (Dkt. No. 1). On May 20, 2002, the defendant entered into a plea agreement with the United States in which he agreed to plead guilty to possession with intent to distribute cocaine and illegal entry. (Dkt. No. 26). In exchange, the United States agreed to dismiss the charge of interstate transportation in aid of racketeering. The plea agreement was reduced to writing, and defendant filed a written petition to enter a guilty plea. (Dkt. No. 27 & 28). The court engaged the defendant in an extensive colloquy prior to accepting his plea. Only after the court was satisfied that the defendant entered into the plea agreement and made his plea knowingly, freely and voluntarily, did the court accept the plea. The sentencing guideline

range was 135 months to 168 months. (Dkt. No. 40 at 5). On August 15, 2002, the court sentenced him to 135 months imprisonment. (Dkt. No. 37).

The defendant did not file a direct appeal. He filed a pro-se motion for time reduction pursuant to 28 U.S.C. § 2255 on June 16, 2009. (Dkt. No. 42). The court interprets the defendant's motion as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was not filed within the one year statute of limitations provided by 28 U.S.C. § 2255.

28 U.S.C. § 2255 requires that a motion be filed within one year of the date on which the judgment of conviction becomes final. Since the court sentenced the defendant on August 15, 2002, and the defendant did not file his motion until June 16, 2009, his motion is untimely.

Additionally, the defendant knowingly and voluntarily waived his right to appeal or collaterally attack his prosecution and sentence in his plea agreement. Paragraph 4 of the plea agreement provides:

> The defendant freely, voluntarily, knowingly and intelligently waives any right to appeal or collaterally attack under 28 U.S.C. § 2255 or other statute, any matter in connection with this prosecution and sentence, except if the court departs upwards from the applicable sentencing guideline range.

(Dkt. No. 27 at 3).

As noted above, the court engaged the defendant in its standard, extensive plea colloquy, which includes special attention to waiver of appellate rights. There was no indication that the defendant entered into the plea agreement, including the appeal waiver, and pleaded guilty other than freely and voluntarily. The court did not depart upwards from the applicable sentencing guideline range. The defendant did not allege in his 28 U.S.C. §2255 motion that his counsel was ineffective in negotiating the appeal waiver.

The Tenth Circuit has held that a defendant's waiver of his appellate rights, including habeas relief, is binding so long as (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the wavier would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

The court finds (1) defendant's guilty plea and waiver of rights were valid; (2) defendant specifically agreed to waive his right to collaterally attack the conviction and sentence in this case (Dkt. No. 27 at ¶4); (3) the defendant's waiver of his right to collaterally attack the conviction and sentence in this case was knowing and voluntary and, therefore, valid; and (4) enforcement of the waiver does not result in a miscarriage of justice.

IT IS SO ORDERED, this 24th day of September, 2009, that the Defendant's Motion For Time Reduction Pursuant to 28 U.S.C. § 2255 is accordingly denied. Further, the court declines to issue a certificate of appealability.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE